**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY J. MILLER,<br><br>Defendant. | ) | CASE NO. 1:25-cr-572<br><br>JUDGE CHARLES E. FLEMING<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS COUNT III OF THE INDICTMENT** |

Defendant is charged under Count III of the indictment with violating 18 U.S.C. § 1466A for knowing possession of "at least one visual depiction that depicted a minor engaging in sexually explicit conduct and was obscene . . . ." (ECF No. 1 at PageID #16). Defendant moved to dismiss Count III, asserting that his prosecution is premised on his alleged possession of obscene computer-or-AI- generated child sexual abuse material ("AI-CSAM") on his home computer, violating his First Amendment right to possess such material in the home. The government disagrees on the law and the facts, noting in part that Defendant possessed AI-CSAM on his cell phone outside of his home. The parties spend most of their briefs disputing whether the First Amendment protects possessing obscene AI-CSAM in the home.

Assuming arguendo Defendant has a right to possess obscene AI-CSAM *in his home*, that right would only be violated by a prosecution alleging the AI-CSAM was *only in his home*. But the parties dispute where this alleged material was located. The indictment is silent on the issue. The Court cannot conclude that Defendant's prosecution on Count III is unconstitutional before the government presents its evidence at trial. Defendant's motion to dismiss is **DENIED.**

## I. BACKGROUND

On November 20, 2025, a federal grand jury returned an Indictment charging Defendant with three counts: (i) Receipt and Distribution of Visual Depictions of Real Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(2) (Count One); (ii) Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Two); and (iii) Obscene Visual Representations of the Sexual Abuse of Children, in violation of 18 U.S.C. §§ 1466A(b)(1) and (d)(4) (Count Three). (ECF No. 1). In Count Three, the Indictment alleges that Defendant "knowingly possessed at least one visual depiction that depicted a minor engaging in sexually explicit conduct and was obscene, and any visual depiction involved in the offense had been shipped and transported in interstate and foreign commerce by any means, including a computer, . . . " (*Id.* at PageID #16).

On July 17, 2026, Defendant filed the Motion to Dismiss, raising an as-applied challenge to the constitutionality of 18 U.S.C. § 1466A. (ECF No. 19, the "Motion"). On August 14, 2026, the Government filed its opposition and argued that § 1466A is constitutional as applied to Defendant. (ECF No. 21, the "Opposition"). Defendant filed his reply brief on August 31, 2026. (ECF No. 23, the "Reply"). The reply brief cited a recent decision issued by the Seventh Circuit. (*Id.* at PageID #96–98 (citing *United States v. Anderegg*, 189 F.4th 576 (7th Cir. 2026)). Accordingly, the Court directed the Government to file a surreply addressing the Seventh Circuit's decision. (Order [non-document] dated Aug. 31, 2026). The Government filed its surreply on September 8, 2026. (ECF No. 24, the "Sur-Reply").

## II. MOTION STANDARD

Federal Rule of Criminal Procedure 12(b)(3)(B)(v) provides that a criminal defendant may move to dismiss an indictment for the Government's "failure to state an offense." An indictment

properly charges a criminal offense if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). The Court must take the indictment's factual allegations as true and decide only whether the indictment is "valid on its face." *Costello v. United States*, 350 U.S. 359, 363 (1956); *see United States v. Williams*, 504 U.S. 36, 54–55 (1992) (limiting pretrial review of indictments to facial challenges).

## III. DISCUSSION

Most of the parties' briefing focuses on whether Defendant has a First Amendment right to possess obscene AI-CSAM in his home. If he does, Defendant's position is that Count III must be dismissed, because his "counsel's understanding" is that any AI-CSAM in his possession was on his home computer. The government disagrees, arguing both that he possessed AI-CSAM on a cell phone that left his home and that there is no First Amendment right to possess AI-CSAM in the home.

The legal question is subject to a serious dispute centered on interlocking Supreme Court precedents. The Supreme Court has held that individuals have the right to possess obscene materials in their homes. *Stanley v. Georgia*, 394 U.S. 557, 565 (1969) ("Whatever may be the justifications for other statutes regulating obscenity, we do not think they reach into the privacy of one's own home."). But the Court also upheld a statute criminalizing possession of child pornography in the home because "*Stanley* was a narrow holding" and "the interests underlying child pornography prohibitions far exceed the interests justifying the Georgia law at issue in *Stanley*." *Osborne v. Ohio*, 495 U.S. 103, 108 (1990). Finally, the Court struck down a statute criminalizing possession of computer-generated child pornography in the home—albeit one with

no obscenity element—in part because there is only a "contingent and indirect" risk for harm to real children. *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 240, 250 (2002).

The Seventh Circuit takes Defendant's position, holding that *Stanley* and *Free Speech Coalition* combine to create a First Amendment right to possess obscene AI-CSAM in the home. *United States v. Anderegg*, 189 F.4th 576, 589–90 (7th Cir. 2026). The Fifth Circuit, by contrast, noted that "the statute struck down in *Free Speech Coalition*" had no obscenity element, whereas § 1446A(1) "requires that the visual depiction be obscene . . . . [a]nd *Free Speech Coalition* did not change the longstanding rule that obscene speech is not protected by the First Amendment." *United States v. Arthur*, 41 F.4th 560, 569 (5th Cir. 2022);[1] *see also United States v. Sluss*, 2014 U.S. Dist. LX 8090, at *3 (E.D. Tenn. Jan 15, 2014) ("Section 1466A of Title 18 was enacted after [*Free Speech Coalition*] to outlaw the receipt and possession of virtual images of children engaged in sexually-explicit conduct *if those images are obscene*. The additional requirement that the images be obscene removes the statute . . . from the ambit of [*Free Speech Coalition*.]"), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 8091 (E.D. Tenn. Jan. 23, 2014).

That legal question is not ripe here, however, because the parties do not agree about the location of the AI-CSAM. The indictment does not specify where Defendant allegedly possessed AI-CSAM; it largely tracks the statutory language of 18 U.S.C. § 1446A(1). (ECF No. 1 at PageID #16). Defendant asserts that the only AI-CSAM he possessed was on his home computer. (Mot. at PageID #70) ("Because Mr. Miller only possessed these CGI on his personal desktop computer in the privacy of his own home, the Court should find that his First Amendment rights, and his right to privacy, prevail over any government regulatory interests."). But the government contends that Defendant possessed AI-CSAM on his cell phone, too. (Opp. at PageID #83) ("Both Miller's

[1] The constitutional challenge in *Arthur* focused on the statute's ability to reach depictions of non-real minors, as opposed to a challenge to the location of the CSAM, such as the challenge in this case.

Samsung S23 Ultra cellphone and computer contained over 1,000 obscene files depicting computer generated images . . . of children engaging in sexual acts, the lascivious exhibition of prepubescent genitalia, and bestiality.”).

Defendant’s retorts that “[c]ounsel’s *understanding* of the evidence is that the obscene material was only found on Mr. Miller’s desktop computer, not on his cell phone. . . . The government’s suggestion that the obscene material was found on Mr. Miller’s cell phone is an incorrect statement of the *facts*.” (ECF No. 23 at PageID #96) (emphasis added). Defendant does not argue that he had a right to possess AI-CSAM on his cell phone outside of his home. The government replies that it was “not mistaken” and that “Miller possessed 1,170 files of AI CSAM on his 1.3 terabyte cellphone. . . . Location data on the phone shows that Miller possessed his cell phone containing AI CSAM outside his residence . . . .” (Sur-Reply at PageID #101).

The parties’ disagreement on the alleged facts shows why the Court must deny Defendant’s motion. Rule 12(b)(1) allows the Court to rule on a pretrial motion to the extent “that the court can determine **without a trial of the general issue**.” Fed. R. Crim. P. 12(b)(2) (emphasis added). “If contested facts surrounding the commission of the offense would be of any assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial.” *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (Gorsuch, J.); *see also United States v. Jones*, 542 F.2d 661, 665 (6th Cir. 1976) (holding that court can rule only “if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense.”) (cleaned up); *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997) (“Courts usually say that a motion to dismiss is ‘capable of determination’ before trial if it involves questions of law instead of questions of fact on the merits of criminal liability.”). In resolving Rule 12 motions, the Court must take the indictment on its face and resolve factual issues in its

favor. *United States v. McAuliffe*, 490 F.3d 526, 531 (2007) ("The indictment must be read as a whole, accepting the factual allegations as true, and construing those allegations in a practical sense with all the necessary implications.").

The location of AI-CSAM is arguably dispositive of Defendant's motion because he argues only that he had the right to possess it in his home. The indictment does not state where Defendant possessed AI-CSAM; it simply states that he possessed it. (ECF No. 1 at PageID #16). But Defendant does not move to dismiss Count III for insufficient evidence; he moved to dismiss Count III by assuming it incorporated his version of the facts—his possession of AI-CSAM in his home. But the Court cannot take defense counsel's word that the AI-CSAM was only on Defendant's computer and reach the issue of his right to possess it. At trial, the government may put on evidence that the alleged AI-CSAM supporting the indictment was in Defendant's home computer, his cell phone, both devices, or neither device. Only after the Court has heard the evidence at trial will it be able to determine the situation surrounding the alleged AI-CSAM.

Thus, the Court cannot dismiss Count III without "a trial on the general issue." Fed. R. Crim. P. 12(b)(2). Not only would a trial be of "assistance" to the Court to resolve this question, *Pope*, 613 F.3d at 1259, it is necessary to determine whether Defendant's motion has merit. Without a determination of the facts, the Court takes no position on the merits of Defendant's argument that he has the right to possess obscene AI-CSAM in his home.

## IV. CONCLUSION

The Court cannot grant Defendant's motion to dismiss Count III of the indictment because of contested facts. Defendant's Motion to Dismiss (ECF No. 19) is **DENIED**. The Court will reset the trial schedule in this matter in a separate Order.

**IT IS SO ORDERED.**

Date: November 16, 2026

**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**